UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GARY REAMS                                                                                              PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:09CV-500-S

AT&T CORPORATION, et al.                                                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Gary Reams, to remand the action to the Jefferson County, Kentucky, Circuit Court.

Reams has named AT&T Corporation and Travis Profitt, Reams' former supervisor, in this action. The corporate defendant indicated in a footnote to its response that AT&T Corporation is not the proper party defendant. It states that Reams was employed by BellSouth Telecommunications, Inc. d/b/a AT&T Southeast. It has responded in the name of BellSouth, indicating that it would file a separate motion to substitute the proper party defendant. This motion has not yet been filed. However, we will refer to the corporate defendant as "BellSouth."

According to his complaint, Reams worked for BellSouth for approximately two months sometime in 2008. He suffered an on-the-job injury which required hospitalization. In connection with this injury, he pursued a workers' compensation claim against BellSouth and received benefits. Following medical treatment, he was released to return to work. He contends that BellSouth failed to reasonably accommodate him and provide light duty work. He alleges that Profitt terminated him in retaliation for seeking workers' compensation benefits.

Reams complaint asserts three claims. He alleges workers' compensation retaliation in violation of KRS 342.197 (Count IV (A)), unlawful discharge on the basis of a disability or

- 2 -

perceived disability in violation of KRS Chapter 344 (Count IV (B)), and failure to reasonably accommodate Ream's disability in violation of KRS Chapter 344 (Count IV (C)).

BellSouth is a Georgia Corporation with its principal place of business in Georgia. Reams is a Kentucky resident. Travis Profitt is also a Kentucky resident. The action was removed under our diversity jurisdiction. BellSouth stated in its notice of removal that Profitt was fraudulently joined and therefore his citizenship should be disregarded for purposes of determining whether diversity jurisdiction exists.[1] It urges that no viable individual claim has been asserted against Profitt. We agree.

The sole fact alleged against Profitt is contained in paragraph 17 of the complaint. It states that "[i]n retaliation for Reams seeking workers' compensation benefits Travis Profitt terminated Reams' employment with [BellSouth]." A claim for workers' compensation retaliation under KRS 342.197 is not viable against an individual employee supervisor. The statute makes it unlawful for an employer to discriminate or retaliate against an employee that has filed a claim for workers' compensation. KRS 342.630 defines "employer" as "[a]ny person, other that one engaged solely in agriculture, that has in this state one (1) or more employees subject to this chapter." Profitt was not Reams' employer.

The other two claims are based in the provisions of KRS Chapter 344. With but one exception, individual employee/supervisors cannot be held liable under KRS Chapter 344. The exception is for claims alleging retaliation under KRS 344.280 which states, in part:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
>
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge or filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter; or

---

[1] There appears to be no dispute that the plaintiff seeks damages in excess of $75,000.00.

- 3 -

(2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter; or

(3) To obstruct or prevent a person from complying with the provisions of this chapter or any order issued thereunder...

The complaint contains no allegations that Reams opposed an unlawful practice under Chapter 344, and that he suffered retaliation for such opposition.  Rather, Reams alleges that he obtained workers' compensation benefits, and that Profitt fired him for that reason.  Claims IV (B) and (C) do not allege retaliation at all.  Claim (B) alleges that Reams was wrongfully discharged and Claim (C) alleges that he was not accommodated.

As no viable claim has been stated against Profitt, the non-diverse defendant, his citizenship will be disregarded for purposes of addressing the propriety of the removal.  We conclude that complete diversity exists and the motion to remand will therefore be denied.[2]

Motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Gary Reams, to remand the action to state court (DN 4) is **DENIED.**

**IT IS SO ORDERED.**

October 27, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

---

[2] BellSouth urges that Profitt should be dismissed as a defendant to this lawsuit.  However, there is no motion pending before the court for such relief.